Argued and submitted November 5, 2007, reversed and remanded
February 27, 2008

## SHADY COVE WATER DISTRICT,
*Petitioner-Appellant,*

*v.*

## JACKSON COUNTY
and Kathleen Beckett,
*Respondent-Respondent.*

Jackson County Circuit Court
053234Z3; A130848

179 P3d 698

Eric A. Kaufman argued the cause and filed the briefs for appellant.

Michael Jewett argued the cause and filed the brief for respondents.

Before Landau, Presiding Judge, and Schuman and Ortega, Judges.

SCHUMAN, J.

**SCHUMAN, J.**

A majority of the members of the Board of Commissioners of the Shady Cove Water District (SCWD) voted to dissolve the district and requested that the Jackson County Clerk set in motion the process of calling an election to put the question to the voters. However, before the election occurred, the membership of the board changed, and the newly constituted board voted to cancel the request for a dissolution election. The county clerk set the election regardless of that request. The SCWD, under control of the "do not dissolve" faction, filed a petition for a writ of review, naming Jackson County and the county clerk as defendants. While that action was pending, the election occurred, and the voters chose to dissolve the district. Thereafter, the court entered a judgment ruling that the county's decision to hold the election was not unlawful. The SCWD appeals. Because we conclude that the election should not have occurred, we reverse.

The process for dissolving a special district such as the SCWD is governed by statute. ORS 198.920 - 198.955. As relevant to this case, the process consists of three steps.

First, the process is initiated "[b]y resolution of the district board filed with the county board when the district board determines that it is in the best interest of the inhabitants of the district that the district be dissolved and liquidated." ORS 198.920(2). Here, the board resolved to dissolve the SCWD on September 14, 2004, and (after a delay caused by some legal uncertainties not relevant to this appeal) it formally initiated the process when it notified the county board of the dissolution resolution by a letter dated October 8, 2004.

Second, the board must make findings of fact, propose a plan of dissolution, and, within 30 days of the initiation, file the findings and plan with the county clerk and make them available "for inspection by any interested person." ORS 198.925. Here, the board did not file its findings and plan until January 29, 2005, well beyond the 30-day deadline. The record does not indicate whether the findings and plan were ever made available for inspection; SCWD at one point claimed that they were not.

Third, within 10 days of the board's filing its findings and plan, the "district board shall call an election for the purpose of submitting to the electors of the district the question of whether the district shall be dissolved," with the election to take place "on the next available election date." ORS 198.935(2). The record contains nothing to indicate when, if ever, an election was called, or by whom; rather, on January 29, 2005, the board sent the county administrator a letter "calling upon the Board of Commissioners of Jackson County to finalize the dissolution[,]" and on May 16, 2005, long after the statutory 10-day period, the county administrator sent the county clerk a memo requesting that the SCWD dissolution question be put on the ballot at an election to be held on September 20, 2005.

After the county administrator filed this request with the county clerk to put the dissolution question on the September ballot, but one day before the deadline for filing such requests, ORS 254.103(1), the county administrator received a communication from the board of the SCWD, whose membership had recently changed, asking the county to "immediately cancel and abandon any and all plans to hold an election concerning this Water District in September 2005." The county administrator did not take any action to comply with that communication. The election occurred on September 20, and the voters approved dissolution by a vote of 567 to 114. On December 7, 2005, the Jackson County Circuit Court rejected the SCWD's argument that the county should not have called the election.

The court cited several reasons for its decision. First, it concluded that, although the county had not met most of the statutory requirements for holding the election, that failure caused no prejudice and therefore did not require invalidation of the election. Second, it reasoned that, once the county received the SCWD's findings and plan, it was obligated to hold the election. Finally, the court explained that, because ORS 198.935(2) states that "[n]o election shall be called until the assent of all known holders of valid indebtedness against the district is obtained or provision is made in the plan for the payment of the nonassenting holders," only the nonassenting creditors of the district "appear to have the power to stop the request for an election."

On appeal, the SCWD renews the arguments that it made below: that the entire process leading up to the election was fraught with procedural irregularities and, in particular, that the county was obligated to accede to the SCWD's request to cancel the election. For a variety of reasons, we hold that the SCWD has the better arguments.

Preliminarily, however, we note that the trial court did not err in ruling that procedural irregularities alone do not necessarily require invalidation of an election. *See Links v. Anderson*, 86 Or 508, 521-22, 168 P 605 (1917) (nonprejudicial irregularities not grounds for invalidation); *Tazwell v. Davis*, 64 Or 325, 340, 130 P 400 (1913) ("Specifications of mere irregularities not affecting the result of the election should be stricken out on motion.").

On the other hand, ignoring the new board's decision to countermand the old board's request for an election is not a mere procedural irregularity. The request to cancel the election was received by the county before the filing deadline, and the county offers no reason why it could not have complied. Its argument that the earlier board decision bound the later board—an argument with which the trial court appears to have agreed—cannot be reconciled with the well-settled principle that one legislative body cannot bind its successors, except in certain contractual relationships involving proprietary as opposed to governmental functions. *Hughes v. State of Oregon*, 314 Or 1, 13, 838 P2d 1018 (1992); *Johnson et al. v. Pendleton et al.*, 131 Or 46, 54-55, 280 P 873 (1929) (city government may bind future government in proprietary contract but not governmental obligation).

Nor do we find persuasive the trial court's reasoning based on ORS 198.935(2). That statute provides that the creditor of a special district may prevent a dissolution election; but the fact that one class of persons holds a particular power does not necessarily mean that others lack it. We also find unpersuasive the court's reliance on the mandatory language of ORS 198.935(2):

> "Within 10 days after the district board files the plan of dissolution and liquidation required by ORS 198.925, and following boundary commission approval if necessary, the

district board shall call an election for the purpose of submitting to the electors of the district the question of whether the district shall be dissolved, its indebtedness liquidated and its assets disposed of in accordance with the plan proposed."

The statute imposes no obligation on the county or its clerk; the obligation rests on the special district board. Further, even if the obligation is on the county, that allegation would compel it to act within the 10-day time limit. We cannot declare that the statute is inoperative with respect to the deadline, yet capable of imposing on the county a mandatory duty. And, in any event, even if we could conclude that the statute requires the county to hold an election if asked, that conclusion does not necessarily address the underlying question, which is whether the board can withdraw its request after it is made and before the county acts.

Reversed and remanded.